DIXIE LEONARD, Respondent, *v.* ROBERT JOHNS BULKLEY and Another, Appellants, Impleaded with Others.

PER CURIAM.   In our opinion the plaintiff's alleged cause of action for alienation of affections should have been dismissed because the facts stated are not sufficient to constitute a cause of action.   It is the rule that the cause of action for alienation of affections is based on an injury to the right of consortium; that is, the society, conjugal affection and association of husband and wife.   It has no other base. As to the two alleged causes of action set forth in her second cause of action, the words " and the acts of the defendants done in pursuance thereof " in paragraph 15th should be stricken out or if plaintiff has a separate cause based on this clause of her complaint, she should separately set it forth.   Plaintiff's second cause of action alleges a conspiracy on the part of the defendants in which they succeeded in inducing Roberta Johns Bulkley to break the alleged agreement made with plaintiff and plaintiff's mother so that plaintiff was not provided for by will or otherwise so as to receive an equal portion of the estate of Roberta Johns Bulkley with her two sons, and asks damages for $1,000,000.   The 15th paragraph shows that the plaintiff is asking damages not only for conspiracy for inducing the breach of the alleged contract, but for such conspiracy " and the acts of the defendants done in pursuance thereof."   The words " and the acts of the defendants done in pursuance thereof " may or may not relate to some other cause of action in addition to the tort of inducing the breach of the contract.   The defendant should not be left in doubt.   The order herein should be reversed, with ten dollars costs and disbursements, and the motion granted to strike out the first cause of action and to require plaintiff to separately state the causes of action set forth in the second cause of action, with leave to the plaintiff, within twenty days from service of order with notice of entry thereof, to serve an amended complaint separately stating the causes of action contained in the second cause of action set forth in the fourth amended complaint, upon payment of said costs.   Present — Dowling, P. J., Merrell, Finch, McAvoy and O'Malley, JJ.   Order reversed, with ten dollars costs and disbursements, and the motion granted to strike out the first cause of action and to require plaintiff to separately state the causes of action set forth in the second cause of action, with leave to the plaintiff, within twenty days from service of order, to serve an amended complaint separately stating the causes of action contained in the second cause of action set forth in the fourth amended complaint, upon payment of said costs.